K. McDonald and others *vs.* John Ryan and others.

November 8, 1888.

**Mechanic's Lien.**—Evidence *held* insufficient to support plaintiffs' claim for a lien, or that the account and affidavit were seasonably filed.

Appeal by defendants from a judgment of the district court for Hennepin county, where the action was tried by *Young*, J. The plaintiffs sued to .establish and enforce against land owned by defendant Ryan a lien for materials furnished to one Putnam for a building which Putnam was erecting on the land under contract with Ryan.

*A. H. Nunn* and *W. E. Hewitt*, for appellants.

*J. W. Cochran*, for respondents.

*By the Court.* The record does not justify the numerous assignments of error made by appellants, but some of them appear to be well founded. We cannot escape the conclusion that the evidence of the plaintiffs, as returned, fails to warrant the judgment in their favor. It was necessary to show that the lien claim was filed in time, so that under the issues it was material to prove the date when the last item in the account was furnished. The affidavit for lien, with the account, is alleged to have been filed on the 19th of October, and it is recited therein that the materials were furnished on the 5th and the work and labor performed on the 20th of April. There is evidence tending to show that window-frames were furnished to the contractor in April and used in building a house for defendant Ryan, who also owned the land on which it was built; that some of them were returned, and additional work done thereon, for which the charge was made which constitutes the last item; but we look in vain for any evidence establishing the date when this liability was incurred.

The book-keeper, who evidently testified from a copy of the account, merely states, generally; that "everything was delivered between the 5th and 20th of April," and that the account was originally $50, and that the alterations and extras brought it up to $64.63. The plaintiff Delamater does not recollect the dates, and the account-books were not put in evidence. The agreed price or value of the goods is not shown, and the evidence is scant in respect to several other material matters involved in the issues. Very likely the plaintiffs had a good cause of action, and, if so, it is to be regretted that they failed to produce evidence to sustain it. We are obliged to order a new trial.

Judgment reversed.